UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| Diamond Finance Co., Inc., | Case No. 820-71877-A736 |
| Debtor. | |

--------------------------------------------------------X

| | |
|---|---|
| Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc., | Adv. Proc. No. |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| Auto City International, Inc., 2840 LLC and John Does "1" - 10", | |
| Defendants. | |

--------------------------------------------------------X

Marc Pergament, as Chapter 7 trustee ("Trustee" or "Plaintiff") of the above captioned debtor (the "Debtor"), by and through his undersigned counsel, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as follows:

**PRELIMINARY STATEMENT**

1. For many years, Robert Diamond ("Diamond") used his control over the Debtor to transfer funds from the Debtor to Defendant Auto City International, Inc. ("Auto City"), another company that Diamond owned. The transfers were labeled "advances" on the books of the Debtor, but Auto City had no means or plan to repay them. Through Auto City, Diamond diverted

the funds to himself, his accomplices and other affiliated companies, including Defendant 2840 LLC.

2. This action arises under 11 U.S.C. §§ 544, 548, 550 and 551, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and Article 10 of the New York Debtor and Creditor Law (the "NYDCL").

3. In December 2019, Article 10 of the NYDCL was amended to adopt the Uniform Voidable Transactions Act with respect to "transactions" occurring on or after April 4, 2020. The pre-amendment NYDCL, however, continues to govern "conveyances" occurring on or before April 4, 2020.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this action arose in and under the Debtor's pending Chapter 7 case.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. This is an action for money damages and for the avoidance and recovery of fraudulent transfers of the Debtor's property.

## THE PARTIES

8. On or about April 14, 2020, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor ("Petition Date").

9. On or about May 20, 2020, an Order for relief was entered.

10. On or about May 20, 2020, Plaintiff became Interim Trustee and subsequently qualified as the permanent Trustee.

11. Upon information and belief, Defendant Auto City is a New York corporation that formerly operated at 450 Utica Avenue, Brooklyn, New York.

12. Auto City operated a used car dealership, which closed in late 2019.

13. Upon information and belief, Diamond was the President of Auto City.

14. Upon information and belief, Defendant 2840 LLC is a New York corporation with a principal place of business located at 2840 River Avenue, Oceanside, New York.

15. Defendant John Does 1-10 are immediate or mediate transferees of the fraudulent transfers described herein.

## PRIOR ACTION AGAINST AUTO CITY

16. On or about March 18, 2021, the Trustee commenced an adversary proceeding against Auto City and others to, among other things, recover alleged fraudulent transfers. The adversary proceeding was assigned Adv. Pro. No. 21-08101-reg ("Prior Action").

17. The Trustee hereby reaffirms and incorporates all of the allegations concerning the Debtor and Auto City in the Prior Action Complaint, including the allegations set forth herein.

18. The Debtor provided sub-prime loans to automobile consumers through a sales finance license issued by the New York State Department of Financial Services ("DFS").

19. Diamond was the Debtor's CEO and sole shareholder.

20. By 2013, the Debtor's business was failing.

21. As of June 30, 2013, the DFS rated the Debtor's financial condition as "marginal," citing falling revenue, continued unprofitability, insufficient liquidity and a heavy debt load.

22. The Debtor, in short, was insolvent.

23. Instead of turning around the Debtor's business, Diamond decided to double down and use the Debtor as a vehicle for a Ponzi scheme.

24. Over the next seven (7) years, the Debtor's debts grew, while revenue shrunk to a nominal level and losses mounted.

25. The increased debt served several purposes, including to pay interest on the pre-existing debt, to fund Diamond's personal lifestyle, and to support Auto City.

26. Throughout, Diamond maintained the façade that the Debtor operated a bona fide business.

27. Diamond advised the Debtor's investors that their funds would be used for subprime loans which would generate high returns.

28. The Debtor's ability to timely pay interest on its existing debt provided investors with false comfort that the business was sound.

29. In reality, the new money that Diamond raised from investors went to pay the old investors.

30. By early 2020, the Debtor owed more than $9 million to investors, an increase of more than $5 million from its debt in 2014.

31. The Ponzi scheme was designed to enrich Diamond and his other businesses and co-conspirators.

32.     Defendant Auto City played a central role in the fraudulent scheme.

33.     Since at least 2014, Diamond used his control over the Debtor to transfer, on a steady basis, cash to Auto City.

34.     Whenever the Debtor had excess cash, Diamond wrote checks payable to Auto City and deposited them in Auto City's bank account.

35.     According to the Debtor's financial records, from April 13, 2014 through April 13, 2020, Auto City received $3,572,064.00 from the Debtor, but provided only the sum of $228,382.00 to the Debtor, resulting in net transfers in the sum of $3,343,682.00 ("Fraudulent Transfers").

36.     The Fraudulent Transfers were often in round numbers, and the amount transferred was often broken down into several smaller checks to make the transfers appear consistent with individual consumer loans, and harder to detect.

37.     Several of the Fraudulent Transfers were made by checks payable to Auto City when the Debtor was overdrawn at Signature Bank.

38.     The Debtor was insolvent when it made the Transfers or became insolvent as a result of making the Fraudulent Transfers.

39.     The Debtor received nothing of value in exchange for the Fraudulent Transfers.

40.     The Transfers diminished the assets of the Debtor's bankruptcy estate.

41.     Marcos Benzaquen ("Benzaqeun") joined Auto City 2017 and assumed complete control of its business operations and financial affairs.

42.     By late 2019, Auto City ceased to operate.

43. Notwithstanding that Auto City ceased to operate, the Debtor continued to issue checks to Auto City, making over $100,000.00 in transfers to Auto City between December 2019 and April 2020.

44. Prior to commencing the Prior Action, the Trustee sought to investigate the Fraudulent Transfers.

45. However, the Trustee was stonewalled by Benzaquen, who ignored a Court Ordered examination and was held in contempt of Court.

46. The Prior Action Complaint asserts claims for, among other things, the recovery of alleged fraudulent conveyances under 11 U.S.C. §§ 544, 548, 550 and 551 (Counts XIX through XXII) and Article 10 of the NYDCL (Counts X through XIV).

47. The Prior Action Complaint additionally asserts claims for monies had and received (Count I), unjust enrichment (Count II) and fraud (Count III).

48. The Prior Action Complaint also asserts claims against "John Does 1-10," in reference to those as-of-yet unidentified persons and entities that were immediate or mediate transferees of Auto City. (Counts XXI and XXII.)

49. The instant Complaint similarly asserts claims against "John Does 1-10" in reference to those as-of-yet unidentified persons and entities that were immediate or mediate transferees of Auto City or 2840 LLC.

50. On December 16, 2021, with Auto City not having answered or otherwise responded to the Prior Action Complaint, the Trustee moved for a default judgment against Auto City in the Prior Action.

51. On January 11, 2022, the Bankruptcy Court entered an Order granting a default against Auto City in the Prior Action.

52. On March 23, 2022, the Bankruptcy Court entered a further Order in the Prior Action providing, in pertinent part, that the Trustee shall "have judgment against Defendant Auto City International, Inc. on Count II of the Complaint … in the amount of $3,343,681.61, plus interest thereon at the federal judgment rate as set forth in 28 U.S.C. § 1961 until satisfaction of the judgment; Ordered, that solely as to Auto City, all Counts of the Complaint other than Count II are hereby dismissed without prejudice."

53. By this Complaint, the Trustee reiterates and reasserts his allegations underlying his fraudulent conveyance claims against Auto City.

## THE SUBSEQUENT TRANSFERS

54. Upon information and belief, Benzaquen and his daughters, Daniela Benzaquen and Jacqueline Benzaquen, are the members of 2840 LLC.

55. Upon information and belief, Benzaquen is the manager of 2840 LLC and controls all aspects of the business of 2840 LLC.

56. Upon information and belief, 2840 LLC was a subsequent, immediate or mediate transferee of Auto City ("Subsequent Transfers").

57. Upon information and belief, 280 LLC did not take the Subsequent Transfers for value, in good faith and without knowledge of the voidability of the Fraudulent Transfers.

58. Upon information and belief, 2840 LLC used the proceeds of the Subsequent Transfers, or a portion thereof, to purchase interests in real property.

59. To seek to obtain additional information concerning the Subsequent Transfers, the Trustee moved for an Order pursuant to Federal Rule of Bankruptcy Procedure 2004 authorizing the examination of 2840 LLC on May 4, 2022 and directing the production of documents on or before April 28, 2022.

60. By Order dated April 12, 2022, the Bankruptcy Court granted the Trustee's motion, and on April 13, 2022, the Trustee caused the Rule 2004 subpoena, Order and document request to be served on 2840 LLC.

61. In violation of the Rule 2004 subpoena and the Order, 2840 LLC failed to produce the documents requested by the Trustee or to appear for its examination.

62. The Trustee brings this adversary proceeding under 11 U.S.C. §§ 544, 548, 550 and 551 and under Article 10 of the NYDCL to recover the Fraudulent Transfers and the Subsequent Transfers.[1]

## COUNT I
### (Property of the Estate under 11 U.S.C. §§ 541 and 542)

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "61" of this Complaint as if more fully set forth at length herein.

64. The Debtor's estate has a legal and equitable interest in the Transfers.

65. The Debtor's legal and equitable interest in the Transfers is property of the Debtor's estate

66. The Defendants have no right or entitlement to the Transfers or the benefit thereof.

---

[1] The Fraudulent Transfers and Subsequent Transfers may be referred to herein collectively as the "Transfers."

67. The Defendants have a close relationship and affiliation with each other and the Debtor.

68. By virtue of the foregoing, and in accordance with sections 541 and 542 of the Bankruptcy Code, Plaintiff is entitled to the entry of an order and judgment directing Defendants to turn over any and all property of the Debtor's estate in an amount as yet undetermined, but in no event believed to be less than all of the Fraudulent Transfers made to Defendant Auto City and all of the Subsequent Transfers made to 2840 LLC, plus prejudgment interest thereon from the date of each of the Transfers, plus attorneys' fees, or such other amount as may be determined by the Court.

## COUNT II
**(Accounting and Turnover of Property of the Estate under 11 U.S.C. § 542)**

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "67" of this Complaint as if more fully set forth at length herein.

70. The Debtor's estate has a legal and equitable interest in the Transfers.

71. The Debtor's legal and equitable interest in the Transfers is property of the Debtor's estate.

72. Defendants have unlawfully retained each of the Transfers or the benefit of the Transfers, for which no consideration was provided to the Debtor.

73. Each of the Transfers is a fraudulent conveyance, which the Trustee may avoid and recover pursuant to 11 U.S.C. §§ 544, 548, 550, 551 of the Bankruptcy Code.

74. The Defendants should be required to provide the Trustee with an accounting of all of the Transfers and and the disposition of those Transfers.

75. By virtue of the foregoing, Plaintiff is entitled to the entry of a judgment against all Defendants under §§ 105(a) and 542 of the Bankruptcy Code: (a) directing a turnover of the Transfers as they apply to each Defendant; and (b) for a full and complete accounting of Defendants use of the Transfers as they apply to each Defendant.

## COUNT III
**(Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(A))**

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "74" of this Complaint as if more fully set forth at length herein.

77. Some of the Fraudulent Transfers were made within two (2) years of the Petition Date ("548 Transfers").

78. At the time of the 548 Transfers, the Debtor knew, or should have known, that its creditors held claims against it.

79. The 548 Transfers were made by the Debtor with the actual intent to hinder, delay or defraud its creditors.

80. The 548 Transfers constitute fraudulent transfers under 11 U.S.C. § 548(s)(1)(A).

81. Defendant 2840 LLC is an immediate or mediate transferee of the 548 Transfers.

82. By virtue of the foregoing, pursuant to 11 U.S.C. § 548(a)(1)(A), Plaintiff is entitled to a judgment avoiding the Transfers and a judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers;

and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon attorneys' fees and costs, or such other amount as may be determined by the Court.

## COUNT IV
**(Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(B))**

83. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "81" of this Complaint as if more fully set forth at length herein.

84. The Debtor received less than reasonably equivalent value in exchange for the 548 Transfers.

85. The Debtor: (a) was insolvent on the date of each of the 548 Transfers or became insolvent as a result of the 548 Transfers; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that it would incur, debts beyond its ability to pay as they matured.

86. At the time of the 548 Transfers, the Debtor knew, or should have known, that its creditors held claims against it.

87. The 548 Transfers constitute fraudulent transfers under 11 U.S.C. § 548(a)(1)(B).

88. By virtue of the foregoing, Plaintiff is entitled to a judgment avoiding the Transfers under 11 U.S.C. §§ 548(a)(1)(B), 550 and 551, and a judgment against: (a) Defendant

Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers; plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court.

### COUNT V
### (Immediate and Mediate Transfers)
### (Fraudulent Transfer Under 11 U.S.C. §§ 544, 550 and 551)

89. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "87" of this Complaint as if more fully set forth at length herein.

90. The Debtor received less than reasonably equivalent value in exchange for the Fraudulent Transfers to Defendant Auto City.

91. At all times relevant, the Debtor: (a) was insolvent on the date of Fraudulent Transfers; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that it would incur, debts beyond his ability to pay as they matured.

92. At the time of the Fraudulent Transfers, the Debtor knew, or should have known, that his creditors held claims against him.

93. Upon receipt of the Fraudulent Transfers, Defendant Auto City transferred a portion of the Fraudulent Transfers to Defendant 2840 LLC.

94. The funds underlying the Subsequent Transfers made by Auto City to 28490 LLC originated with the Debtor and constituted property of the Debtor's estate.

95. By virtue of the foregoing, Plaintiff is entitled to a judgment under 11 U.S.C. §§ 544(b), 550 and 551 of the Bankruptcy Code: (a) avoiding and preserving the Fraudulent Transfers; (b) directing that the Fraudulent Transfers be set aside, and (c) recovering the Fraudulent Transfers, or the value thereof, from Defendant Auto City for the benefit of the estate; (d) avoiding and preserving the Subsequent Transfers; (b) directing that the Subsequent Transfers be set aside, and (c) recovering the Subsequent Transfers, or the value thereof, from Defendant 2840 LLC for the benefit of the estate, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court.

## COUNT VI
### (Fraudulent Conveyance Under NYDCL § 273)

96. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "94" of this Complaint as if more fully set forth at length herein.

97. At the time of each of the Fraudulent Transfers, the Debtor was insolvent or was thereafter rendered insolvent.

98. The Debtor did not receive fair consideration in exchange for the Fraudulent Transfers.

99. The Fraudulent Transfers constitute fraudulent transfers in violation of section 273 of the NYDCL.

100. Under 11 U.S.C. §§ 544(b) and 550, and NYDCL § 273, the Plaintiff may avoid the Fraudulent Transfers.

101. By virtue of the foregoing, Plaintiff is entitled to judgment avoiding the Transfers pursuant to NYDCL § 273 and judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b)

Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court.

## COUNT VII
### (Fraudulent Conveyance Under NYDCL § 274)

102.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "100" of this Complaint as if more fully set forth at length herein.

103.   At the time of each of the Fraudulent Transfers, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in its hands after the Fraudulent Transfers was an unreasonably small capital.

104.   The Debtor did not receive fair consideration in exchange for the Fraudulent Transfers.

105.   The Fraudulent Transfers constitute fraudulent transfers in violation of NYDCL § 274.

106.   Under 11 U.S.C §§ 544(b) and 550 and NYDCL § 274, Plaintiff may avoid the Fraudulent Transfers.

107.   By virtue of the foregoing, Plaintiff is entitled to judgment avoiding the Transfers pursuant to NYDCL § 274 and judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the

Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court.

## COUNT VIII
**(Fraudulent Conveyance Under NYDCL § 275)**

108. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "106" of this Complaint as if more fully set forth at length herein.

109. At the time of each of the Fraudulent Transfers, the Debtor intended or believed that it would incur debts beyond its ability to pay as they matured.

110. The Debtor did not receive fair consideration in exchange for the Fraudulent Transfers.

111. The Fraudulent Transfers constitute fraudulent transfers in violation of NYDCL § 274.

112. Under 11 U.S.C §§ 544(b) and 550 and NYDCL § 274, Plaintiff may avoid the Fraudulent Transfers.

113. By virtue of the foregoing, Plaintiff is entitled to judgment avoiding the Transfers pursuant to NYDCL § 275 and judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court.

## COUNT IX
**(Fraudulent Conveyance Under NYDCL § 276)**

114. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "112" of this Complaint as if more fully set forth at length herein.

115. The Fraudulent Transfers were made by the Debtor with the actual intent to hinder, delay or defraud present or future creditors of the Debtor.

116. Under 11 U.S.C §§ 544(b) and 550 and NYDCL § 276, Plaintiff may avoid the Fraudulent Transfers.

117. By virtue of the foregoing, Plaintiff is entitled to judgment avoiding the Transfers pursuant to NYDCL § 276 and judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court.

## COUNT X
### (Fraudulent Conveyance Under NYDCL § 276-a)

118. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "116" of this Complaint as if more fully set forth at length herein.

119. The Fraudulent Transfers were made by the Debtor and received with the actual intent to hinder, delay or defraud present or future creditors of the Debtor.

120. The Fraudulent Transfers constitute fraudulent transfers of the Debtor's assets.

121. By virtue of the foregoing, Plaintiff is entitled to judgment against all Defendants, under NYDCL § 276-a, for reasonable attorneys' fees in an amount to be determined by the Court.

**WHEREFORE**, Plaintiff Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc., respectfully requests that this Court enter judgment against Defendants as follows:

    a.    as to Count I, a full and complete accounting of Defendants' use of the Fraudulent Transfers and the Subsequent Transfers;

    b.    as to Count II: (a) directing a turnover of the Transfers as they apply to each Defendant; and (b) for a full and complete accounting of Defendants use of the Transfers as they apply to each Defendant;

    c.    as to Count III, avoiding the Transfers and a judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court;

    d.    as to Count IV, avoiding the Transfers, and a judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court;

    e.    as to Count V: (a) avoiding and preserving the Fraudulent Transfers; (b) directing that the Fraudulent Transfers be set aside, and (c) recovering the Fraudulent Transfers, or the value thereof, from Defendant Auto City for the benefit of the estate; (d) avoiding and preserving the Subsequent Transfers; (b) directing that the Subsequent Transfers be set aside, and (c) recovering the Subsequent Transfers, or the value thereof, from Defendant 2840 LLC for the benefit of the estate, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court;

    f.    as to Count VI: avoiding the Transfers and a judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court;

    g.    as to Count VII: avoiding the Transfers and a judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court;

    h.    as to Count VIII: avoiding the Transfers and a judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court;

    i.    as to Count IX: avoiding the Transfers and a judgment against: (a) Defendant Auto City in a sum to be determined at trial, but in no event less than the amount of the Fraudulent Transfers; and (b) Defendant 2840 LLC in a sum to be determined at trial, but in no event less than the amount of the Subsequent Transfers, plus prejudgment interest thereon, attorneys fees and costs, or such other amount as may be determined by the Court;

    j.    as to Count X, for all costs, disbursements and expenses, including attorneys' fees, in connection with this action, together with such other, further and different relief as this Court may deem just and proper.

Dated: Garden City, New York
       May 18, 2022

                Weinberg, Gross & Pergament LLP
                Attorneys for Plaintiff Marc A. Pergament,
                Chapter 7 Trustee for the Estate of Diamond
                Finance Co., Inc.

By:   */s/ Marc J. Weingard*
       Marc J. Weingard
       400 Garden City Plaza, Suite 403
       Garden City, New York 11530
       (516) 877-2424